# BRADLEY B. SMALLEY *v.* CITY OF BURLINGTON.

*Grand list. Reduction of offset claimed on account of indebtedness. Stocks in foreign corporations. National bank stock.*

Under Sec. 12, No. 2, Acts of 1882, which requires the listers, in determining the grand list of a tax-payer, to deduct from the offset claimed by the tax-payer on account of indebtedness the aggregate amount of his United States government bonds, and other stocks and bonds exempt from taxation by the law of this State, the amount claimed in offset should be diminished by stocks in foreign corporations, which are exempt from taxation in this State, including stocks in National Banks located in other States.

Assumpsit for money paid as taxes under protest. Heard at the September term, 1890, Rowell, J., presiding, upon an agreed statement of facts. Judgment for the defendant.

The plaintiff excepts.

The only question was as to the action of the listers in refusing to offset certain indebtedness of the plaintiff against his personal list. The plaintiff owned and made due return of taxable personal property to the amount of $18,075, April 1, 1890. On the same day he owed debts to the same amount of which he made due statement in his inventory. At the same time he owned certain shares of stock aggregating the same amount, in corporations located in other States. These shares were not embraced in the personal property set in the plaintiff's list, and were not taxable in this State, for the reason that the corporations were taxed in those States in which they were respectively located. The listers deducted from the offset claimed by the

plaintiff by reason of his indebtedness the amount of these stocks, and refused to allow any offset whatever.

The stocks in question were as follows:

1.   Shares of the value of $12,975 of the capital stock of incorporated Trust and Investment Companies and State Banks.

2.   Shares of the value of $5,000 of the capital stock of Land Companies, whose capital was invested in real estate situated in other States.

3.   Shares of the value of $100 of the capital stock of National Banks.

*Seneca Haselton,* for the plaintiff.

An interpretation which avoids double taxation will be favored. Cooley Tax. 165, 166, 167, 168; *American Bank* v. *Mumford,* 4 R. I., 478.

The interpretation claimed by the defendant amounts to the indirect taxation by the State of securities which it cannot directly tax.

It also discriminates against stock in foreign corporations as property.

*J. W. Russell,* for the defendant.

Stock in foreign corporations is taxable at the domicile of the owner unless otherwise provided. These stocks were therefore exempt from taxation by virtue of the laws of this State, and for no other reason, and should be deducted from the indebtedness claimed as an offset.

Sec. 12, No. 2, Acts 1882. *Webb* v. *Burlington,* 28 Vt. 188; Cooley Tax. 16 and 274; Hilliard Tax. 207; *Ogden* v. *St. Joseph,* 7 West 752; *Sturges* v. *Carter,* 114 U. S. 511; Desty Tax. 348, 308; *Bradley* v. *Bauder,* 36 Ohio St. 28.

The opinion of the court was delivered by

MUNSON, J.   The disposition of this case depends upon the construction of s. 12, No. 2, Acts of 1882, which provides

that the listers, in determining the grand list of a taxpayer, shall deduct from any offset claimed by the taxpayer on account of his indebtedness, "the aggregate amount of his United States government bonds and other stocks and bonds exempt from taxation by the laws of this State." The plaintiff contends that the words "exempt from taxation by the laws of this State," are the same in meaning as "exempt from the operation of the tax laws of this State;" while the defendant would so construe the words as to include all stocks and bonds which are declared by the laws of this State to be exempt from taxation. The words themselves are capable of either meaning, and the intention of the Legislature must be ascertained by an application of the ordinary rules of construction.

Our attention has been directed to several acts of Congress in which the phrase "exempt from taxation" is used with reference to the exemption of United States securities from the taxing power of the States; and it is suggested that the Legislature may properly be supposed to have had this use in view in selecting the language in question. This use of the phrase is entitled to careful consideration, but greater importance must necessarily attach to the language of our own statutes, especially of those in force at the time of this enactment. R. L. 270 provides that "the following property shall be exempt from taxation," and in the list given are "United States securities which are specially exempt from taxation by the laws of the United States," and "shares of stock in a corporation situated in another State," when taxed in such state. It seems reasonable to conclude that in using the words under consideration the Legislature had in view the phrase "exempt from taxation" as used in the introductory clause of the above section, and intended to cover the stocks and bonds therein declared to be exempt.

But it is said that the words in question refer to United States government bonds as well as to "other stocks and bonds," and that the former are exempt from taxation by the laws of this

State only in the sense that they are exempt from the taxing power of the State; and it is argued that the position of the defendant would require that the words be taken in one sense in their reference to government bonds, and in a different sense in their reference to other stocks and bonds. If it be conceded that the scope of the reference is as the plaintiff claims, we think the argument based upon it is unsound. Although United States bonds are not within the taxing power of the State, they are declared by the law of the State to be exempt from taxation, and this in the same connection with shares of stock owned and taxed in a foreign corporation; and in using the words in question to direct the application of both classes of property in reduction of a claimed offset, the Legislature would be merely adapting its enactment to the classification and phraseology of the existing law.

We see nothing in the course of legislation upon this subject that can properly raise a doubt as to the correctness of this construction. By No. 16, Acts of 1841, it was provided that stock owned in a foreign corporation, and taxed in the State where the corporation was located, should not be included in the list. In the General Statutes, enacted in 1862, "all stocks, bonds and other securities of the United States" were added to the list of property enumerated as "exempt from taxation." G. S. Ch. 83, s. 6. By No. 64, Acts of 1864, it was provided that the appraisal of personal property should be reduced only by so much of the tax-payer's indebtedness as was in excess of his "United States stocks, bonds or other United States securities claimed to be exempt from taxation under the laws of this or the United States." In the revision of 1880, the sentence above quoted was reduced to the words "United States securities." R. L. 340. The next legislative expression was the one under consideration, —that the deduction shall be for the excess of the tax-payer's debts "over the aggregate amount of his United States government bonds and other stocks and bonds exempt from taxation by

the laws of this State." We think this change in phraseology cannot be explained on the theory of an intention to follow the earlier enactments in the use of more specific language to designate United States securities, but that it must be held fairly to indicate a purpose to include something not covered by the former law.

It is true that the act, if so construed, adds to the securities before deducted a class of property which stands upon a different ground as regards taxation,—government securities being absolutely non-taxable, while the shares of a resident in the stock of a foreign corporation not protected by Federal law are always within the taxing power of the State; and it is urged that this difference bears strongly upon the question of legislative intent, and that it ought not to be presumed that the Legislature undertook to reach indirectly what it had the power to tax directly. While these suggestions merit consideration, we think they are far from controlling. The State is under no obligation to allow a deduction on account of indebtedness, and it may properly reduce such deduction by the amount of the tax-payer's property which is not taxed, whether the exemption arises from want of power, or from considerations of justice or policy. It is easily conceivable that the Legislature might exempt from taxation stocks owned and taxed in another jurisdiction, and yet refuse to recognize in reduction of the tax-payer's list an indebtedness of equal amount which existed contemporaneously with such ownership.

It is further urged that upon the theory of the defendant the deduction of National bank stock must be illegal, because the stock of one situated in another State cannot be said to be exempt in this State by virtue of our statute. But this objection is met by the views already expressed. The language of the second subdivision of Sec. 270 is sufficient in scope to embrace the stock of a National bank as well as that of other corporations. The fact that such stock is non-taxable here by reason of an act of

Congress does not afford any ground for presuming that the Legislature did not intend to include it, for under the same provision that "the following property shall be exempt from taxation," the Legislature has expressly designated other property which is equally beyond its control. Sec. 270 is a legislative declaration embracing exempted property generally, whether necessarily exempt because of a superior law, or in fact made so by virtue of such declaration. Any stock covered by this section is exempt from taxation by the terms of our law, and so comes within the provision made for the reduction of offsets.

We consider that all the capital stock enumerated in the agreed statement was properly deducted from the offset claimed by the plaintiff on account of his indebtedness.

*Judgment affirmed.*